IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JACQUELINE S. WOLF, )
)
                Plaintiff, )
)
v. ) Case No. CIV-07-172-KEW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
                Defendant. )

**OPINION AND ORDER**

Plaintiff Jacqueline S. Wolf, (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED AND REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C.

1

§423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

Claimant was born on July 13, 1951 and was 55 years old at the time of the hearing before the ALJ. She has an eleventh grade education. Claimant has worked as seamstress, shirt presser and prep cook. Claimant alleges an inability to work beginning February 12, 2000, due to osteoarthritis in the knees, hands, and hips and high blood pressure.

## Procedural Background

On April 15, 2004, Claimant filed for disability benefits under Title II (42 U.S.C. § 401, et seq.). On April 7, 2004, Claimant protectively filed for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1481, et. seq.). Claimant's applications for benefits were denied initially and upon reconsideration. A hearing before an ALJ Jennie McLean was held on August 2, 2006, in Oklahoma City, Oklahoma. By decision dated October 27, 2006, the ALJ found that Claimant was not disabled at any time through the date of the decision. On April 13, 2007, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 4904.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation. She determined that while Claimant's medical conditions were severe, they did not meet a Listing, and she retained the residual functional capacity to perform her past relevant work as a seamstress and shirt presser.

## Review

Claimant asserts the ALJ committed error requiring reversal in failing to: (1) fully develop the record, and (2) include all physical limitation in the residual functional capacity

("RFC") assessment.

## Development of the Record

Claimant argues the ALJ erred as a matter of law when he failed to obtain existing medical records documenting her treatment for a broken ankle. Additionally, Claimant contends the ALJ erred by failing to obtain any new evidence regarding limitations resulting from a broken ankle.

The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Bowen v. Yuchert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360-61 (10th cir. 1993). As a result, [a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of a hearing." Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty is particularly heightened when, as in this case, the Claimant is unrepresented at the time of the hearing. Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir. 1993). The duty is one of inquiry, ensuring that the ALJ is informed about "facts relevant to his decision and [learns] the claimant's own version of those facts. Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir. 1987) (quotation omitted).

At the hearing before the ALJ, Claimant testified that she broke her ankle after her application for benefits was filed and was currently wearing a brace on the right ankle. (Tr. 206). Claimant stated that she received medical treatment for a broken ankle from Dr. Black at the Carl

Albert Indian Hospital and Dr. Friedlin at a family practice clinic.

Here, the record is devoid of evidence on limitations associated with Claimant's right ankle impairment. On remand, the ALJ is directed to obtain any pertinent, available medical records to further explore potential limitations.

### RFC Determination

Claimant's second issue relates primarily to the ALJ's failure to include additional walking and standing restrictions in her RFC assessment. As previously discussed, the ALJ erred by failing to adequately develop the record. On remand, the ALJ shall include any limitations on the ability to stand or walk that are consistent with the record.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 17th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE